OPINION
In 1995, defendant-appellant, Michael Anthony McKinney, pleaded no contest to four counts of rape as part of a plea agreement. The Clinton County Court of Common Pleas found appellant guilty and sentenced him of record. See State v. McKinney (Aug. 21, 1995), Clinton App. No. CA 95-03-007, unreported.
Upon a recommendation of the Ohio Department of Rehabilitation of Correction, a hearing was conducted on April 18, 2001, pursuant to R.C.2950.09(C), to determine if appellant was a sexual predator. No witnesses testified at the hearing. The state asked the court to consider the original case-in-chief, the victim's statement, and the report of a clinical psychologist who examined appellant. Appellant's daughter-in-law spoke on his behalf and appellant made his own statement to the court. At the conclusion of the hearing, the court classified appellant as a sexual predator pursuant to R.C. 2950.09(C)(2) and ordered the classification to be entered upon appellant's institutional record and attached to his sentence.
In a timely appeal, appellant presents eight assignments of error for review.
Appellant's first assignment of error claims he was denied due process and equal protection of the law when the trial court failed to order the state to provide discovery. Prior to the hearing, appellant filed a motion requesting the state to produce "a list of all witnesses planned to be called" and "copies of all documents relied upon." The court never ruled on the motion. Nevertheless, appellant was provided a copy of the clinical psychologist's report prior to the hearing.
Due process requirements under R.C. 2950.09 are complied with by affording the offender adequate notice of the hearing and an opportunity to defend and be heard. See State v. Ward (1999), 130 Ohio App.3d 551. Although not specifically referring to Crim.R. 16, appellant submits this rule was violated when he "denied" the requested discovery. There was no "violation" since the Rules of Criminal Procedure do not apply to sexual predator hearings. State v. Ridenbaugh (May 27, 1999), Licking App. No. 97CA149, unreported.
Moreover, the state produced no witnesses at the hearing and the only document submitted — the report of the clinical psychologist — was provided to appellant in advance of the hearing. Accordingly, appellant was not denied due process or equal protection of the law. The first assignment of error is without merit and is overruled.
The second assignment of error raises another due process argument by claiming the trial court denied appellant the opportunity to be heard, to confront and cross-examine witnesses against him, and to offer evidence in his own behalf. Appellant also claims the trial court erroneously relied on hearsay evidence.
Appellant was present during the hearing and represented by counsel. He had the opportunity to offer evidence and witnesses. A family member even spoke on appellant's behalf. The trial court's reliance on hearsay evidence is not erroneous since the Rules of Evidence do not strictly apply in sexual predator hearings. State v. Cook (1998), 83 Ohio St.3d 404,425, certiorari denied (1999), 525 U.S. 1182, 119 S.Ct. 1122. Having reviewed the proceedings below, we find appellant was afforded all due process protections required by R.C. Chapter 2950. The second assignment of error is hereby overruled.
Appellant's third assignment of error claims the proceedings under R.C. 2950.09 violate his 1995 plea bargain agreement since his sexual predator classification is not an element of the "contract" resulting from his plea. The Supreme Court of Ohio has held that "R.C. Chapter 2950 imposes no new affirmative disability or restraint." Cook at 418. Accordingly, the original sentence resulting from appellant's plea bargain is neither modified nor enhanced by the sexual predator classification. The third assignment of error is without merit and is hereby overruled.
In his fourth assignment of error, appellant suggests that the sexual predator proceedings are barred by the statute of limitations in R.C.2901.13 because it has been more than six years since his 1995 trial and conviction.
It is well-settled that sexual predator proceedings under R.C. Chapter 2950 are not criminal prosecutions. The purpose of the proceedings is remedial, not punitive. Cook at 417. Any "punishment" arises from an individual's failure to register — a violation of the requirements of R.C. Chapter 2950 — not from the prior sexually-oriented offense. Cook at 421. For these reasons, appellant's fourth assignment of error is overruled.
Appellant's fifth assignment of error claims that R.C. Chapter 2950 violates Section 1, Article I of the Ohio Constitution. Appellant's argument is without merit. The Ohio Supreme Court has held that "R.C. Chapter 2950 does not violate the rights enumerated in Section 1, ArticleI of the Ohio Constitution." State v. Williams (2000), 88 Ohio St.3d 513,527, certiorari denied in Suffecool v. Ohio (2000), 531 U.S. 902,121 S.Ct. 241. Accordingly, the fifth assignment of error is overruled.
Appellant makes another claim that R.C. Chapter 2950 is unconstitutional in his sixth assignment of error. Specifically, appellant claims Ohio's sexual predator laws violate the constitutional prohibition against ex post facto laws. The supreme court has rejected this challenge, concluding that the registration and notification provisions of R.C. Chapter 2950 serve the remedial purpose of protecting the public and do not violate the Ex Post Facto Clause. Cook at 423. Appellant's sixth assignment of error is overruled.
The seventh assignment of error claims the trial court incorrectly found that appellant committed a prior offense that was sexually-oriented. The report of the clinical psychologist indicated that appellant had one known victim, i.e., his daughter, whom he abused on two different occasions. According to the psychologist, appellant was charged with child endangering for allowing a friend to molest his then three-year-old daughter. Appellant himself admitted engaging in sexual conduct with the child both when she was three and again when she was twelve years old. The latter incident resulted in appellant's 1995 rape convictions.
The record indicates that the trial court simply considered these incidents and appellant's prior criminal record of domestic violence and DUI offenses. See R.C. 2950.09(B)(2)(b). The trial court's conclusion that appellant had "a prior criminal record involving a sexual offense" was not a misstatement and was supported by the record. For these reasons, appellant's seventh assignment of error is overruled.
Appellant's eighth and final assignment of error claims he was denied the effective assistance of counsel during his sexual predator hearing. To demonstrate a claim of ineffective assistance of counsel, appellant must first show that under the circumstances, counsel's representation did not meet the objective standard of reasonable competence. Second, appellant must show that he was prejudiced as a result of this deficiency. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064; State v. Mills (1992), 62 Ohio St.3d 357, 370, certiorari denied (1992), 505 U.S. 1227, 112 S.Ct. 3048. Only if appellant demonstrates that there is a reasonable probability that, but for the unprofessional errors, the result of the proceedings against him would have been more favorable, will we find prejudice. This probability must be sufficient to undermine confidence in the outcome. State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
Appellant's court-appointed counsel represented him at the hearing, offered arguments against the recommendations of the clinical psychologist, presented the oral statement of a relative in support of appellant and enabled appellant to personally address the court.
Having considered the entire record, we find that the representation offered by counsel did not deprive appellant of the effective assistance of counsel. Accordingly, the eighth assignment of error is overruled.
YOUNG, P.J., and POWELL, J., concur.